1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10  LIVE GROUP OF USA, LLC,

11             Plaintiff,

12      v.

13  MID-CENTURY INSURANCE
    COMPANY,

14             Defendant.

15

CASE NO. C15-1211-MJP

ORDER ON DEFENDANT'S
MOTION FOR SUMMARY
JUDGMENT

16

17     THIS MATTER comes before the Court on Defendant's Motion for Summary Judgment.

18  (Dkt. No. 13.)  Having reviewed the Motion, Plaintiff's response, (Dkt. No. 16), Defendant's

    reply, (Dkt. No. 20), and the related record, the Court hereby GRANTS the motion.

19
                                      **Background**
20
       Plaintiff Live Group of USA, LLC owns a ten-unit apartment building in Bellingham,
21
    Washington ("Apartment Building").  (Dkt. No. 1-3 at 3.)  On July 4, 2013, fireworks from a
22
    neighboring property caused a fire that damaged the Apartment Building.  (Dkt. No. 14-1 at 6.)
23

24

1  The fire caused structural damage to the Apartment Building and rendered two of the units

2  uninhabitable.  (Dkt. No. 14 at 2.)

3      At the time of the fire, Defendant Mid-Century Insurance Company insured the

4  Apartment Building pursuant to a first party insurance policy ("Policy").  (Dkt. No. 14-2.)

5  Subject to certain limitations, the Policy provides coverage for property damage to the

6  Apartment Building, loss of business personal property, and for business interruption.  (<u>Id.</u>)  The

7  Policy also provides that an insured cannot receive payments on a replacement cost basis, instead

8  of actual cash value, unless the insured actually makes repairs to the Apartment Building.  (<u>Id.</u> at

9  46.)

10      On July 5, 2013, Plaintiff tendered a claim to Defendant.  (Dkt. No. 14 at 2.)  Defendant

11  set up a claims file, assigned an adjuster, and began to investigate the claim.  (<u>Id.</u>)  As a part of

12  its investigation, Defendant retained a cause and occurrence expert and an independent estimator.

13  (<u>Id.</u>)  On July 11, 2013, Defendant determined that Plaintiff's fire loss was covered under the

14  Policy.  (<u>Id.</u>)  In the months following the fire, Defendant paid Plaintiff $11,120.00 towards

15  Plaintiff's business interruption claim, $4,600.00 towards Plaintiff's business personal property

16  claim, and $165,600.95 for the actual cash value of Plaintiff's structural loss claim.  (Dkt. Nos.

17  14-9, 14-10, 14-14.)

18      On July 2, 2015, Plaintiff commenced this breach of contract suit against Defendant.

19  (Dkt. No. 1-3.)  Plaintiff alleges Defendant owes Plaintiff additional amounts under the Policy

20  that were not paid after the fire.  (<u>Id.</u>)  Defendant denies Plaintiff's allegations and now moves

21  for summary judgment on Plaintiff's claim arguing: (1) Plaintiff cannot prove the elements of its

22  claim; (2) the claim should be dismissed for failure to comply with policy obligations; and (3)

23

24

ORDER ON DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT- 2

the claim should be dismissed due to Plaintiff's failure to respond to discovery.  (Dkt. No. 13.)
Defendant also requests Rule 11 sanctions.  (Id.)

Plaintiff opposes the motion, and, in the alternative, requests a continuance under Federal
Rule of Civil Procedure 56(d).  (Dkt. No. 16.)  In its reply brief, Defendant requests that the
Court strike certain exhibits Plaintiff has offered in support of its response brief.  (Dkt. No. 20 at
2–4.)  The Court first considers Defendant's Motion to Strike, and then considers Defendant's
Motion for Summary Judgment.

### Discussion

**I.    Legal Standards**

**A.    Summary Judgment**

Summary judgment is proper where "the movant shows that there is no genuine issue as
to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P.
56(a).  The moving party bears the initial burden of demonstrating the absence of a genuine issue
of fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  In assessing whether a party has met
its burden, the underlying evidence must be viewed in the light most favorable to the non-
moving party.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

**B.    Breach of Contract**

In order to establish a breach of contract claim under Washington law, a party must prove
the existence of a valid contract, its breach, and resulting damages.  See N.W. Indep. Forest
Mfrs. v. Dep't of Labor & Indus., 78 Wash. App. 707, 712 (1995).

**II.    Defendant's Motion to Strike**

Defendant argues the Court should strike certain exhibits submitted by Plaintiff in
support of its response brief.  (Dkt. No. 20 at 2–4.)  Specifically, Defendant argues the Court
should strike: (1) Exhibit E to the Declaration of Ms. Shaheen Ali because it is inadmissible

1  hearsay; (2) Exhibit F to the Declaration of Ms. Shaheen Ali because it contains statements that

2  are inadmissible hearsay; (3) paragraphs 20 and 22 of Ms. Ali's declaration because they are

3  hearsay; and (4) paragraph 25 of Ms. Ali's declaration because it is irrelevant.  (Id.)

4         Because the Court does not rely on paragraphs 20, 22, and 25 of Ms. Ali's declaration in

5  ruling on Defendant's Motion for Summary Judgment, the Court does not consider Defendant's

6  arguments regarding this evidence.  The Court does, however, address Defendant's arguments

7  regarding Exhibits E and F to Ms. Ali's declaration.

8         Exhibit E to Ms. Ali's declaration is a Project Proposal that Plaintiff obtained from the

9  contractor MIA Construction Group.  (Dkt. No. 19-5.)  Defendant argues this exhibit should be

10 stricken because the contractor did not file a declaration authenticating the exhibit.  (Dkt. No. 20

11 at 3.)  This argument fails, because Ms. Ali's declaration explains that Exhibit E is "an estimate

12 for completion of repairs for the two gutted units and for the damages to other parts of the unit

13 caused by the fire."  (Dkt. No. 19 at 3–4.)  Ms. Ali's declaration also explains that Ms. Ali "is the

14 principal of the plaintiff, Live Group of USA, LLC."  (Id. at 1.)  Because Defendant does not

15 explain why Ms. Ali's declaration is not sufficient to authenticate the Project Proposal, the Court

16 declines to strike Exhibit E to Ms. Ali's declaration.

17        Exhibit F to Ms. Ali's declaration is an email sent from an insurance agent to Plaintiff.

18 (Dkt. No. 19-6.)  Defendant argues the email "identifies several statements allegedly made by

19 Mid-Century" and that "[t]hese statements are hearsay" because they are not an admission by a

20 party opponent.  (Dkt. No. 20 at 3–4.)  Defendant points to the fact that the insurance agent is not

21 its representative.  (Id. at 4.)  The Court agrees with Defendant, and STRIKES the portions of

22 this email that contain statements allegedly made by Defendant.

23 //

24

1    **III.     Defendant's Motion for Summary Judgment**

2         **A.  Additional Amounts Owed Under Policy**

3         Defendant argues Plaintiff's breach of contract claim should be dismissed with prejudice

4    because Plaintiff cannot prove the breach and damages elements of its claim.  (Dkt. No. 13 at

5    14–17.)   Defendant contends Plaintiff cannot establish the breach element of its claim because

6    Plaintiff cannot prove additional amounts are owed under the Policy.  (Id.)  Defendant points to

7    the fact that Plaintiff failed to provide documentation showing additional amounts are owed both

8    during the claims process and during discovery.  (Id.)  Defendant further contends Plaintiff is not

9    entitled to receive payment on a replacement cost basis, because Plaintiff cannot show it made

10   repairs to the Apartment Building.  (Id. at 15–17.)

11        Plaintiff argues there is a genuine issue of material fact as to whether Defendant owes

12   Plaintiff additional money under the Policy.  (Dkt. No. 16 at 3.)  It contends the additional

13   amount owed exceeds $400,000.  (Id. at 5.)  Plaintiff points to several documents to support this

14   position.  (Id.)  First, Plaintiff points to a Project Proposal for completion of repairs from MIA

15   Construction which Plaintiff contends shows the cost of completion of repairs for the two units is

16   $385,848.79.  (Id.); (Dkt. No. 19-5.)  Plaintiff also points to an operating statement from the

17   period of January 1, 2014 through December 31, 2014 to show that it is owed an additional

18   $56,000 for business disruption.  (Dkt. No. 16 at 3); (Dkt. No. 19-4.)  Finally, Plaintiff points to

19   two documents showing Plaintiff's loss run exceeded $400,000 to argue Defendant's internal

20   documents show Plaintiff's losses exceed the amounts paid by Defendant.  (Dkt. No. 16 at 3.)

21   As stated supra, the Court will not consider statements in one of these documents, Exhibit F to

22   Ms. Ali's declaration.

23        Viewing the underlying facts in the light most favorable to Plaintiff, the Court finds no

24   reasonable jury could find Defendant breached the Policy by failing to pay Plaintiff additional

1  amounts.  First, as Defendant correctly points out in its reply brief, Plaintiff offers no evidence

2  that shows that Plaintiff performed repairs to the Apartment Building that would entitle Plaintiff

3  to anything more than actual cash value.  (Dkt. No. 20 at 4–6.)  Therefore, the Project Proposal

4  does not create an issue of material fact with respect to Plaintiff's claim.  Second, the exhibit

5  Plaintiff points to regarding loss run does not create an issue of material fact as to whether

6  Plaintiff is owed additional amounts for its structural loss claim, because a loss run is not an

7  estimate for a structural loss claim—rather, it involves underwriting information on potential

8  payments and exposures.  (Dkt. No. 22 at 2.)  Third, the operating statement does not show

9  Plaintiff failed to make a profit of $56,000—rather it shows the profit Plaintiff earned in 2014.

10  (Dkt. No. 19-4.)  The Court, therefore, GRANTS Defendant's Motion for Summary Judgment as

11  to Plaintiff's breach of contract claim.

12       Because the Court finds Defendant is entitled to summary judgment on Plaintiff's breach

13  of contract claim on the grounds that Plaintiff cannot show Defendant breached the Policy, the

14  Court does not reach Defendant's arguments that Plaintiff's claim is also subject to dismissal

15  because Plaintiff failed to comply with its obligations under the Policy and because Plaintiff has

16  not complied with its discovery obligations.

17  **B.  Rule 11 Sanctions**

18       Defendant further argues "Plaintiff and its attorneys violated Federal Rule 11 by filing

19  this lawsuit without any factual or legal support for their position."  (Id. at 21–22.)  Defendant

20  requests fees and expenses incurred in this matter.  (Id.)  Although Plaintiff has failed to produce

21  evidence that shows issues of material fact preclude summary judgment, the Court has not found

22  Plaintiff's claim was frivolous, or was otherwise brought for an improper purpose. Fed. R. Civ.

23  P. 11.  The Court, therefore, declines to sanction Plaintiff.

24  //

IV.     **Plaintiff's Request for Continuance**

In its response brief, Plaintiff argues "[t]o the extent the Court is inclined to rule in favor of defendant on this record, Plaintiff seeks additional time for adequate discovery under Fed. R. Civ. P. 56(d)." (Dkt. No. 16 at 2.)

Federal Rule of Civil Procedure 56(d) provides:

> When Facts Are Unavailable to the Nonmovant.  If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

Plaintiff does not meet its burden under Rule 56(d), because Plaintiff does not explain what information it hopes to obtain through additional discovery.  A supporting declaration submitted by Plaintiff's attorney generally states "[a]t minimum, I request time to depose Ms. Benami, and also the experts that she retained to arrive at the dollar figure Mid-Century paid." (Dkt. No. 17 at 2.)  However, Plaintiff does not explain what information it hopes to obtain from these depositions, or how that information would preclude summary judgment.  See Tatum v. City of San Francisco, 441 F.3d 1090, 1100 (9th Cir. 2006).  The Court, therefore, DENIES Plaintiff's request for continuance under Rule 56(d).

<u>**Conclusion**</u>

The Court GRANTS Defendant's Motion for Summary Judgment, (Dkt. No. 13). Defendant's Motion to Compel, (Dkt. No. 23), and Motion to Strike Expert Witness and Evidence, (Dkt. No. 29), are DENIED as moot.

//

//

//

The clerk is ordered to provide copies of this order to all counsel.

Dated this 27th day of June, 2016.

Marsha J. Pechman
United States District Judge